Arthur Gaus SBN #289560
**KAUFMAN DOLOWICH & VOLUCK, LLP**
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 926-7600
Facsimile: (415) 926-7601

Attorney for Defendant
TASTES ON THE FLY SFO, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN YEPEZ, on behalf of himself and all other situated, <br><br> Plaintiff, <br><br> vs. <br><br> TASTES ON THE FLY SFO, LLC, <br><br> Defendant. | Case No. <br><br> San Mateo County <br> Case No. 21-CIV-05010 <br><br> **DEFENDANT TASTES ON THE FLY SFO, LLC, OF REMOVAL OF ACTION UNDER 28 U.S.C. § § 1331, 1441(a) (FEDERAL QUESTION)** |

Pursuant to 28 U.S. Code §§ 1441, 1446, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, Defendant TASTES ON THE FLY SFO, INC. (hereinafter "Defendant") hereby removes the action (hereinafter "Defendant") hereby removes the action *Adrian Yepez, on Behalf of Himself and All Other Situated v. Tastes On The Fly SFO, LLC*, Case No.: 21-CIV-05010, from the California Superior Court, County of San Mateo to this Court on the following grounds:

1. On or about September 15, 2021, Plaintiff filed a civil class-action complaint (the "Complaint") in California Superior Court for the County of San Mateo. Defendant received a copy of the Complaint on September 30, 2021. The putative class is defined as all of Defendant's union-represented hourly wage employees. A copy of this Complaint, Summons,

1.

Initial Case Management Order and Notice of Judicial Assignment are attached hereto as **Exhibit A**.

### JURISDICTION

2.  The Complaint includes claims over which the United States District Courts have original jurisdiction, pursuant to 28 U.S.C. § 1331 and federal question jurisdiction over this matter by reason of Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3.  Accordingly, this matter is removable under 28 U.S. Code § 1446.

4.  Furthermore, pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over all other claims appearing in the Complaint that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

5.  To date, Defendant has not filed a responsive pleading.

6.  Defendant is represented in this action by counsel signing this Notice of Removal and consents to the removal of this action to United States District Court, Northern District of California.

7.  This Notice of Removal has been served on Plaintiffs and will be filed in California Superior Court for the County of San Mateo promptly following this filing of this Notice of Removal.

Dated: October 8, 2021

KAUFMAN DOLOWICH & VOLUCK, LLP

_____

Arthur Gaus
Attorney for Defendant TASTES ON THE FLY SFO, LLC

4849-1340-1598, v. 1

2.

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/28/2021
CT Log Number 540323404

TO: Derek Watson
Tastes On The Fly Logan, LLC
235 E 3RD AVE STE 207
SAN MATEO, CA 94401-4094

**RE:** **Process Served in California**

**FOR:** Tastes on the Fly San Francisco, LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ADRIAN YEPEZ, on behalf of himself and others similarly situated, // To: Tastes on the Fly San Francisco, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21CIV05010 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/28/2021 at 01:19 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/28/2021, Expected Purge Date: 10/03/2021 |
| | Image SOP |
| | Email Notification,  Derek Watson  derek.watson@tastesonthefly.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Sep 28, 2021

**Server Name:**                   Bernard Richards

Entity Served                  TASTES ON THE FLY SAN FRANCISCO, LLC

Case Number                    21-CIV-05010

Jurisdiction                   CA



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON      9/16/2021
By____/s/ Anthony Berini____
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TASTES ON THE FLY SAN FRANCISCO, LLC; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADRIAN YEPEZ, on behalf of himself and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Southern Branch: Hall of Justice<br><br>400 County Center, Room A<br>Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):* 21-CIV-05010 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave., Suite 123, Westlake Village, CA 91362; (818)293-5623

| DATE:      9/16/2021<br>*(Fecha)* | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* _____ | /s/ Anthony Berini | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Tastes On The Fly San Francisco, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Kevin Joseph Farnan., Esq. (SBN 327524)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
      vgranberry@lelawfirm.com
      kfarnan@lelawfirm.com
      whteam@lelawfirm.com

Roman Otkupman, CSBN 249423
Roman@OLFLA.com
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff ADRIAN YEPEZ,
on behalf of himself and others similarly situated

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON    9/16/2021
By    **/s/ Anthony Berini**
      **Deputy Clerk**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| ADRIAN YEPEZ, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TASTES ON THE FLY SAN FRANCISCO, LLC; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.:  21-CIV-05010<br><br>**CLASS ACTION**<br><br>**PLAINTIFF ADRIAN YEPEZ'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**<br><br>3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.   **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7**

5.   **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

6.   **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

7.   **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

   **COMES NOW** Plaintiff ADRIAN YEPEZ ("Plaintiff"), who alleges and complains against Defendants TASTES ON THE FLY SAN FRANCISCO, LLC; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I.   INTRODUCTION

   1.   This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; failure to pay for overtime hours worked at the overtime rate; failure to authorize or permit all legally required and/or compliant meal periods and/or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods and/or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

/ / /

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage; failure to pay for overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods and/or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods and/or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to San Mateo County, at 235 East 3rd Avenue, Suite 207, San Mateo, California 94401; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III.    PARTIES

3.      Plaintiff brings this action on behalf of himself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.      Defendants formerly employed Plaintiff as an hourly non-exempt employee.

5.      Plaintiff is informed and believes and thereon alleges that Defendant employed him and other hourly non-exempt employees throughout the State of California and therefore their

1   conduct forms a significant basis of the claims asserted in this matter.

2         6.     Plaintiff is informed and believes and thereon alleges that Defendant TASTES ON

3   THE FLY SAN FRANCISCO, LLC is authorized to do business within the State of California and

4   is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times

5   relevant hereto were persons acting on behalf of Defendant TASTES ON THE FLY SAN

6   FRANCISCO, LLC in the establishment of, or ratification of, the aforementioned illegal wage and

7   hour practices or policies. Defendant TASTES ON THE FLY SAN FRANCISCO, LLC operates

8   in San Mateo County and employed Plaintiff and putative class members in San Mateo County,

9   including but not limited to, at 235 East 3rd Avenue, Suite 207, San Mateo, California 94401.

10        7.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 51-

11  100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in

12  his or her capacity as an agent, shareholder, owner, representative, supervisor, independent

13  contractor and/or employee of each Defendant and participated in the establishment of, or

14  ratification of, the aforementioned illegal wage and hour practices or policies.

15        8.     Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues

16  said defendants by said fictitious names and will amend this Complaint when the true names and

17  capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

18  by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

19  Defendants is in some manner responsible for the events and allegations set forth in this

20  Complaint.

21        9.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each

22  Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

23  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

24  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

25  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

26  of the other defendants so as to be liable for their conduct with respect to the matters alleged in

27  this Complaint. Plaintiff is further informed and believe and thereon allege that each Defendant

28  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants TASTES ON THE FLY SAN FRANCISCO, LLC and DOES 1 to 100, inclusive.

10. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV. DESCRIPTION OF ILLEGAL PAY PRACTICES

12. Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11050, Defendants are employers of Plaintiff within the meaning of Wage Order 5 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

13. **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14. Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15. Plaintiff and similarly situated hourly non-exempt employees worked more minutes

1  per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff

2  and similarly situated employees all wages at the applicable minimum wage for all hours worked

3  due to Defendants' policies, practices, and/or procedures including, but not limited to, the

4  following:

5        (a)    Requiring Plaintiff and similarly situated employees to line up to wait to

6  undergo and to undergo off-the-clock security checks prior to being permitted to clock in for the

7  start of their shifts;

8        (b)    After the aforementioned security checks, Defendants required Plaintiff and

9  similarly situated employees to travel while they were off-the-clock from the security checkpoint

10  to the timeclock where they were to clock in for the start of their shifts; and

11        (c)    Routinely requiring Plaintiff and similarly situated employees to perform

12  work-related tasks while they were off-the-clock during meal breaks, and after clocking out for the

13  end of their shifts, without compensation.

14      16.    Plaintiff and similarly situated employees were not paid for this time resulting in

15  Defendants' failure to pay wages for all the hours Plaintiff and similarly situated employees

16  worked.

17      17.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt

18  employees to be subject to Defendants' control without paying wages for that time. This resulted

19  in Plaintiff and similarly situated employees working time for which they were not compensated

20  any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 5.

21      18.    **Failure to pay wages for overtime hours worked at the overtime rate of pay**:

22  Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

23  employees. In California, an employer is required to pay hourly employees for all "hours worked,"

24  which includes all time that an employee is under the control of the employer and all time the

25  employee is suffered or permitted to work. This includes the time an employee spends, either

26  directly or indirectly, performing services which inure to the benefit of the employer.

27      19.    Labor Code sections 510 and 1194 and Wage Order 5 require an employer to

28  compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

1   workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

2   in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

8   Labor Code section 510; Wage Order 5, §3.

9       20.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the

10  applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or

11  procedures including, but not limited to, the following:

12      (a)    Requiring Plaintiff and similarly situated employees to line up to wait to

13  undergo and to undergo off-the-clock security checks prior to being permitted to clock in for the

14  start of their shifts;

15      (b)    After the aforementioned security checks, Defendants required Plaintiff and

16  similarly situated employees to travel while they were off-the-clock from the security checkpoint

17  to the timeclock where they were to clock in for the start of their shifts; and

18      (c)    Routinely requiring Plaintiff and similarly situated employees to perform

19  work-related tasks while they were off-the-clock during meal breaks, and after clocking out for the

20  end of their shifts, without compensation.

21      21.    Plaintiff and similarly situated employees were not paid for this time resulting in

22  Defendants' failure to pay wages for all the hours Plaintiff and similarly situated employees

23  worked.

24      22.    To the extent Plaintiff and similarly situated employees had already worked 8 hours

25  in the day and/or on workweeks they had already worked 40 hours in a workweek and/or seven (7)

26  days in a workweek, when this uncompensated time occurred, the employees should have been

27  paid overtime for this unpaid time. This resulted in Plaintiff and similarly situated employees

28  working time which should have been paid at the legal overtime rate but was not paid any wages

1   in violation of Labor Code sections 510, 1194, and Wage Order 5.

2      23.    Defendants' foregoing policies, practices, and/or procedures resulted in Defendants

3   failing to pay Plaintiff and similarly situated employees for all overtime hours worked, in violation

4   of Labor Code sections 510, 1194, 1198, and Wage Order.

5      24.    **Failure to authorize or permit all legally required and compliant meal periods**

6   **and/or failure to pay meal period premium wages:** Defendants often employed hourly non-

7   exempt employees, including the named Plaintiff and similarly situated employees, for shifts

8   longer than five (5) hours in length and shifts longer than ten (10) hours in length.

9      25.    California law requires an employer to authorize or permit an uninterrupted meal

10  period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of

11  work and a second meal period no later than the employee's tenth hour of work. Labor Code §512;

12  Wage Order 5, §11. If the employee is not relieved of all duties during a meal period, the meal

13  period shall be considered an "on duty" meal period and counted as time worked. A paid "on

14  duty" meal period is only permitted when (1) the nature of the work prevents an employee from

15  being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal

16  periods. If the employee is not free to leave the work premises or worksite during the meal period,

17  even if the employee is relieved of all other duty during the meal period, the employee is subject

18  to the employer's control and the meal period is counted as time worked. If an employer fails to

19  provide an employee a meal period in accordance with the law, the employer must pay the

20  employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally

21  required and compliant meal period was not provided. Labor Code §226.7; Wage Order 5, §11.

22     26.    Here, Plaintiff and similarly situated employees worked shifts long enough to

23  entitle them to meal periods under California law. Nevertheless, Defendants employed systemic

24  company policies, practices, and/or procedures that resulted in their failure to authorize or permit

25  meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for

26  each five-hour period of work as required by law. Such policies, practices, and/or procedures

27  included, but were not limited to, pressuring and/or requiring Plaintiff and similarly situated

28  employees to work without receiving meal periods. Furthermore, on occasions Defendants did

1  provide meal periods to Plaintiff and similarly situated employees, they were frequently

2  interrupted, untimely, taken while performing work-related tasks, and/or shorter than thirty (30)

3  minutes in violation of California law.

4          27.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a

5  meal period premium wage of one (1) additional hour of pay at their regular rate of compensation

6  for each workday the employees did not receive all legally required and compliant meal periods.

7  Defendants employed policies and procedures which ensured that employees did not receive any

8  meal period premium wages to compensate them for workdays in which they did not receive all

9  legally required and compliant meal periods.

10         28.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

11  Plaintiff and similarly situated employees not being provided with all legally required and

12  compliant meal periods and/or not receiving premium wages to compensate them for such

13  instances, all in violation of California law.

14         29.    **Failure to authorize and permit all legally required and compliant rest periods**

15  **and/or failure to pay rest period premiums:** Defendants often employed non-exempt

16  employees, including the named Plaintiff and similarly situated employees, for shifts of least

17  three-and-a-half (3.5) hours.

18         30.    California law requires every employer to authorize and permit an employee a rest

19  period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor

20  Code §226.7; Wage Order 5, §12. If the employer fails to authorize or permit a required rest

21  period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of

22  compensation for each workday the employer did not authorize or permit a legally required rest

23  period. *Id*. Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three

24  and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30

25  minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v.*

26  *Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7; Wage Order 5, §12. Rest

27  periods, insofar as practicable, shall be in the middle of each work period. Wage Order 5, §12.

28  Additionally, the rest period requirement "obligates employers to permit – and authorizes

**COMPLAINT**
9

1    employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5

2    Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and

3    relinquish control over how employees spend their time. *Id.*

4    31.    In this case, Plaintiff and similarly situated employees regularly worked shifts of

5    more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed systemic company

6    policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally

7    required and/or legally compliant rest periods to Plaintiff and similarly situated employees. Such

8    policies, practices, and/or procedures included, but were not limited to, pressuring and/or

9    requiring Plaintiff and similarly situated employees to work without receiving rest periods.

10   Furthermore, when Defendants did provide meal periods to Plaintiff and similarly situated

11   employees, they were frequently interrupted, untimely, taken while performing work-related tasks,

12   and/or shorter than ten (10) minutes in violation of California law.

13   32.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a

14   rest period premium wage of one (1) additional hour of pay at their regular rate of compensation

15   for each workday the employees did not receive all legally required and compliant rest periods.

16   Defendants employed policies and procedures which ensured that employees did not receive any

17   rest period premium wages to compensate them for workdays in which they did not receive all

18   legally required and compliant rest periods.

19   33.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

20   Plaintiff and similarly situated employees not being provided with all legally required and

21   compliant rest periods and/or not receiving premium wages to compensate them for such instances

22   all in violation of California law.

23   34.    **Failure to provide accurate wage statements**: Labor Code section 226(a)

24   provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish

25   each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

26   (2) total hours worked by the employee, except for any employee whose compensation is solely

27   based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

28   515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate

1   units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

2   deductions, provided, that all deductions made on written orders of the employee may be

3   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period

4   for which the employee is paid, (7) the name of the employee and his or her social security

5   number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

6   hourly rates in effect during the pay period and the corresponding number of hours worked at each

7   hourly rate by the employee."

8   35.   Defendants committed direct violations of Labor Code section 226, through their

9   policies, practices, and/or procedures, including, but not limited to failing to provide Plaintiff and

10   other similarly situated employees accurate itemized wage statements showing the rate at which

11   premium wages were paid.

12   36.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

13   to provide accurate wage and hour statements to him and other similarly situated employees who

14   were subject to Defendants' control for uncompensated time and who did not receive all their

15   earned wages (including minimum wages, overtime wages, meal period premium wages, and/or

16   rest period premium wages), in violation of Labor Code section 226.

17   37.   **Failure to timely pay final wages**: An employer is required to pay all unpaid

18   wages timely after an employee's employment ends. The wages are due immediately upon

19   termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202.

20   38.   As a result of the aforementioned violations of the Labor Code, Plaintiff alleges

21   that he, and on information and belief, other similarly situated employees, were not paid their final

22   wages in a timely manner as required by Labor Code section 203. Minimum wages, overtime

23   wages, meal period premium wages, and/or rest period premium wages (all described above) were

24   not paid at the time of Plaintiff's and other similarly situated employees' separation of

25   employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202,

26   and 203.

27   **V.   CLASS DEFINITIONS AND CLASS ALLEGATIONS**

28   39.   Plaintiff brings this action on behalf of himself, on behalf of others similarly

situated, and on behalf of the general public, and as members of a Class defined as follows:

A. **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B. **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

C. **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

D. **Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

E. **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

F. **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time

period.

G.    **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

40.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

iv.    Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

v.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

vi.    Whether Defendants failed to provide the Waiting Time Class

1   Members with all of their earned wages upon separation of employment within the statutory time

2   period;

3                 vii.     Whether Defendants committed unlawful business acts or practice

4   within the meaning of Business and Professions Code sections 17200, *et seq.;*

5                 viii.    Whether Class Members are entitled to unpaid wages, penalties, and

6   other relief pursuant to their claims;

7                 ix.     Whether, as a consequence of Defendants' unlawful conduct, the

8   Class Members are entitled to restitution, and/or equitable relief; and

9                 x.     Whether Defendants' affirmative defenses, if any, raise any common

10   issues of law or fact as to Plaintiff and as to Class Members as a whole.

11        C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

12   in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

13   arising out of Defendants' failure to pay wages at least at minimum wage for all time the

14   employees were subject to Defendants' control.  Plaintiff and members of the Overtime Wage

15   Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

16   hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of

17   Defendants' failure to provide non-exempt employees with all required meal periods and/or meal

18   periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period

19   premium wages as compensation. Plaintiff and members of the Rest Period Class sustained

20   damages arising out of Defendants' failure to provide non-exempt employees with all required rest

21   periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay

22   rest period premium wages as compensation. Plaintiff and members of the Wage Statement Class

23   sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage

24   statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting

25   Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned

26   wages due upon separation of employment within the statutory time limit.

27        D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect

28   the interests of the members of each class. Plaintiff has no interest that is adverse to the interests

1   of the other class members.

2        E.    **Superiority**: A class action is superior to other available means for the fair

3   and efficient adjudication of this controversy. Because individual joinder of all members of each

4   class is impractical, class action treatment will permit a large number of similarly situated persons

5   to prosecute their common claims in a single forum simultaneously, efficiently, and without the

6   unnecessary duplication of effort and expense that numerous individual actions would engender.

7   The expenses and burdens of individual litigation would make it difficult or impossible for

8   individual members of each class to redress the wrongs done to them, while important public

9   interests will be served by addressing the matter as a class action. The cost to and burden on the

10  court system of adjudication of individualized litigation would be substantial, and substantially

11  more than the costs and burdens of a class action. Individualized litigation would also present the

12  potential for inconsistent or contradictory judgments.

13       F.    **Public Policy Consideration**: Employers throughout the state violate wage

14  and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

15  indirect retaliation. Former employees fear bringing actions because they perceive their former

16  employers can blacklist them in their future endeavors with negative references or by other means.

17  Class actions provide the class members who are not named in the Complaint with a type of

18  anonymity that allows for vindication of their rights.

19                          **FIRST CAUSE OF ACTION**

20  **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

21        **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

22             **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

23       41.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

24       42.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

25  were hourly non-exempt employees of Defendants.

26       43.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

27  Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

28  subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

1    effect during the time the employees earned the wages.

2        44.    Defendants' policies, practices, and/or procedures required Plaintiff and the

3    Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

4    all of the time in which they were subject to Defendants' control.

5        45.    Defendants employed policies, practices, and/or procedures including, but not

6    limited to, the following:

7            (a)    Requiring Plaintiff and the Minimum Wage Class to line up to wait to

8    undergo and to undergo off-the-clock security checks prior to being permitted to clock in for the

9    start of their shifts;

10           (b)    After the aforementioned security checks, Defendants required Plaintiff and

11   the Minimum Wage Class to travel while they were off-the-clock from the security checkpoint to

12   the timeclock where they were to clock in for the start of their shifts; and

13           (c)    Routinely requiring Plaintiff and the Minimum Wage Class to perform

14   work-related tasks while they were off-the-clock during meal breaks, and after clocking out for the

15   end of their shifts, without compensation.

16       46.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in

17   Defendants' failure to pay minimum wages for all the hours Plaintiff and the Minimum Wage

18   Class worked.

19       47.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

20   Class have suffered damages in an amount subject to proof, to the extent that they were not paid

21   wages at a minimum wage rate for all hours worked.

22       48.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

23   Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

24   the amount of their unpaid minimum wage, and attorneys' fees and costs.

25                          **SECOND CAUSE OF ACTION**

26   **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS**

27                              **510 and 1194**

28           **(Against All Defendants by Plaintiff and the Overtime Class)**

1    49.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

2    50.    At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly

3    non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and Wage

4    Order 5.

5    51.    Pursuant to Labor Code sections 510 and 1194 and Wage Order 5, hourly non-

6    exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

7    eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

8    workweek.

9    52.    Labor Code section 510, subdivision (a), states in relevant part:

10

11    "Eight hours of labor constitutes a day's work. Any work in excess of eight hours
      in one workday and any work in excess of 40 hours in any one workweek and the

12    first eight hours worked on the seventh day of work in any one workweek shall be
      compensated at the rate of no less than one and one-half times the regular rate of

13    pay for an employee. Any work in excess of 12 hours in one day shall be
      compensated at the rate of no less than twice the regular rate of pay for an

14    employee. In addition, any work in excess of eight hours on any seventh day of a
      workweek shall be compensated at the rate of no less than twice the regular rate

15    of pay of an employee. Nothing in this section requires an employer to combine
      more than one rate of overtime compensation in order to calculate the amount to

16    be paid to an employee for any hour of overtime work."

17    53.    Despite California law requiring employers to pay employees a higher rate of pay

18    for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a

19    workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime

20    wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

21    54.    Specifically, Defendants' employed policies, practices, and/or procedures

22    including, but not limited to, the following:

23    (a)    Requiring Plaintiff and Overtime Class members to line up to wait to

24    undergo and to undergo off-the-clock security checks prior to being permitted to clock in for the

25    start of their shifts;

26    (b)    After the aforementioned security checks, Defendants required Plaintiff and

27    the Overtime Class to travel while they were off-the-clock from the security checkpoint to the

28    timeclock where they were to clock in for the start of their shifts; and

1          (c)     Routinely requiring Plaintiff and the Overtime Class to perform work-

2    related tasks while they were off-the-clock during meal breaks, and after clocking out for the end

3    of their shifts, without compensation.

4          55.     Plaintiff and the Overtime Class were not paid for this time resulting in

5    Defendants' failure to pay wages for all the hours Plaintiff and the Overtime Class worked.

6          56.     To the extent that the foregoing unpaid time resulted from Plaintiff and the

7    Overtime Class being subject to the control of Defendants when they worked more than eight (8)

8    hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek,

9    Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

10          57.     As a result of Defendants' unlawful conduct, Plaintiff and the Overtime Class have

11    suffered damages in an amount subject to proof, to the extent that they were not paid at their

12    overtime rate of pay for all hours worked which constitute overtime.

13          58.     Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class are entitled

14    to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys'

15    fees and costs

16                              **THIRD CAUSE OF ACTION**

17    **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR**

18                              **CODE SECTIONS 512 AND 226.7**

19              **(Against All Defendants by Plaintiff and the Meal Period Class)**

20          59.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

21          60.     At all times relevant to this Complaint, Plaintiff and the Meal Period Class were

22    hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and

23    the Wage Order.

24          61.     California law requires an employer to authorize or permit an employee an

25    uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of

26    all duties and the employer relinquishes control over the employee's activities no later than the

27    end of the employee's fifth hour of work and a second meal period no later than the employee's

28    tenth hour of work. Labor Code sections 226.7, 512; Wage Order 5, §11; *Brinker Rest. Corp. v.*

1  *Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at

2  the work site or facility during the meal period, the meal period must be paid. This is true even

3  where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v.*

4  *Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee

5  does not receive a required meal or rest period that "the employer shall pay the employee one

6  additional hour of pay at the employee's regular rate of compensation for each work day that the

7  meal or rest period is not provided."

8      62.     In this case, Plaintiff and the Meal Period Class worked shifts long enough to

9  entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

10  practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

11  Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of

12  work as required by law. Such policies, practices, and/or procedures included, but were not

13  limited to, pressuring and/or requiring Plaintiff and the Meal Period Class to work without

14  receiving meal periods. Furthermore, when Defendants did provide meal periods to Plaintiff and

15  Meal Period Class, they were frequently interrupted, untimely, taken while performing work-

16  related tasks, and/or shorter than thirty (30) minutes in violation of California law.

17      63.     Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

18  hour of pay at their regular rate of pay for each workday they did not receive all legally required

19  and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

20  Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

21  required and legally compliant meal periods.

22      64.     Defendants' unlawful conduct alleged herein occurred in the course of employment

23  of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this

24  Complaint.

25      65.     Because Defendants failed to provide employees with meal periods in compliance

26  with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of

27  additional pay at the regular rate of compensation for each workday that Defendants did not

28  provide all legally required and legally compliant meal periods, pursuant to Labor Code section

1  226.7 and the Wage Order.

2      66.    Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all

3  other relief allowable, including a meal period premium wage for each workday Defendants failed

4.  to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION

## OF LABOR CODE SECTION 226.7

### (Against All Defendants by Plaintiff and the Rest Period Class)

9      67.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

10      68.    At all times relevant to this Complaint, Plaintiff and the Rest Period Class were

11  employees of Defendants, covered by Labor Code section 226.7 and Wage Order 5.

12      69.    California law requires that "[e]very employer shall authorize and permit all

13  employees to take rest periods, which insofar as practicable shall be in the middle of each work

14  period. The authorized rest period time shall be based on the total hours worked daily at the rate of

15  ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 5, §12.

16  Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length,

17  20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10

18  hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53

19  Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest period requirement "obligates

20  employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM*

21  *Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must

22  relieve employees of all duties and relinquish control over how employees spend their time. *Id*. If

23  an employer fails to provide an employee a rest period in accordance with the applicable

24  provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

25  employee's regular rate of compensation for each work day that the rest period is not provided."

26  Wage Order 5, §12; Labor Code §226.7.

27      70.    In this case, Plaintiff and the Rest Period Class regularly worked shifts of more

28  than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or

procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to, pressuring and/or requiring Plaintiff and the Rest Period Class to work without receiving rest periods. Furthermore, when Defendants did provide meal periods to Plaintiff and the Rest Period Class, they were frequently interrupted, untimely, taken while performing work-related tasks, and/or shorter than ten (10) minutes in violation of California law.

71.    Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

72.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Class and such conduct has continued through the filing of this Complaint.

73.    Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

74.    Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN

## VIOLATION OF LABOR CODE SECTION 226

### (Against All Defendants by Plaintiff and the Wage Statement Class)

75.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

76.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class

were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

77.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.    Defendants committed direct violations of Labor Code section 226, through their policies, practices, and/or procedures, including, but not limited to failing to provide Plaintiff and the Wage Statement Class with accurate itemized wage statements showing the rate at which premium wages were paid.

79.    Further, and as a derivative of Defendants' claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

80.    Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

81.    Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in

1    place practices which deprived employees of wages and resulted in Defendants knowingly and

2    intentionally providing inaccurate wage statements. These practices included Defendants' failure

3    to include all hours worked and all wages due.

4    82.    As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement

5    Class have suffered injury. The absence of accurate information on their wage statements has

6    prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and

7    mathematical computations to determine the amount of wages owed, and will cause difficulty and

8    expense in attempting to reconstruct time and pay records. Defendants' conduct led to the

9    submission of inaccurate information about wages and amounts deducted from wages to state and

10    federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to

11    participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage

12    Statement Class from having to reconstruct time and pay records than if Defendants had complied

13    with their legal obligations.

14    83.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are

15    entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226

16    violation occurred and one hundred dollars per employee per violation for each subsequent pay

17    period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

18    84.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are

19    entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code

20    section 226(a). Injunctive relief is warranted because Defendants continue to provide currently

21    employed Wage Statement Class members with inaccurate wage statements in violation of Labor

22    Code section 226(a) and currently employed Wage Statement Class members have no adequate

23    legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing

24    unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants'

25    compliance with Labor Code section 226(a).

26    85.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage

27    Statement Class are entitled to recover the full amount of penalties due under Section 226(e),

28    reasonable attorneys' fees, and costs of suit.

### SIXTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

(Against All Defendants by Plaintiff and the Waiting Time Class)

86.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

87.     At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

88.     An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

89.     Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

90.     Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

91. Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

92. Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

93. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

94. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

95. Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq.

### (Against All Defendants by Plaintiff and the California Class)

96. Plaintiff incorporates all paragraphs above as though fully set forth herein.

97. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; failure to provide accurate wage and hour statements; and failure to timely pay all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code,

1   Defendants have gained a competitive advantage over other comparable companies doing business

2   in the State of California that comply with their obligations to pay minimum wages for all hours

3   worked; authorize or permit all legally required and compliant meal periods and/or pay meal

4   period premium wages; authorize or permit all legally required and compliant rest periods and/or

5   pay rest period premium wages; provide accurate wage and hour statements; and timely pay all

6   wages due upon separation of employment.

7        98.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

8   California Class have suffered injury in fact and lost money or property, as described in more

9   detail above.

10       99.    Pursuant to Business and Professions Code section 17203, Plaintiff and the

11  California Class are entitled to restitution of all wages and other monies rightfully belonging to

12  them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair

13  business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California

14  Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in

15  each of the unlawful policies, practices, and/or procedures set forth herein.

16                                  **PRAYER FOR RELIEF**

17       **WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF**

18  **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

19       **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH AND SEVENTH**

20  **CAUSES OF ACTION:**

21       1.     That the Court determine that this action may be maintained as a class action (for

22  the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of

23  Civil Procedure section 382 and any other applicable law;

24       2.     That the named Plaintiff be designated as a class representative for the California

25  Class (and all sub-classes thereof);

26       3.     For a declaratory judgment that the policies, practices, and/or procedures

27  complained herein are unlawful; and

28       4.     For an injunction against Defendants enjoining them, and any and all persons

acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

## ON THE FIRST CAUSE OF ACTION:

1. That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and,

8. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1. That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

6. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

///

**ON THE THIRD CAUSE OF ACTION:**

1. That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3. For pre-judgment interest and post-judgment interest;

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226(a);

5. For attorneys' fees and costs of suit, including but not limited to that recoverable

under Labor Code section 226, subdivision (e); and,

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and,

4.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION:

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

/ / /

/ / /

/ / /

/ / /

1

Dated: September 16, 2021        **LAVI & EBRAHIMIAN, LLP**
                                 **OTKUPMAN LAW FIRM, A LAW CORPORATION**

2

3

4                                By:_____
                                 Joseph Lavi, Esq.

5                                Vincent C. Granberry, Esq.
                                 Anwar D. Burton, Esq.

6                                Roman Otkupman, Esq.
                                 Attorneys for Plaintiff ADRIAN YEPEZ,

7                                on behalf of himself and others similarly situated

8

9

10                          **DEMAND FOR JURY TRIAL**

11        Plaintiff ADRIAN YEPEZ demands a trial by jury for himself and the California Class on

12   all claims so triable.

13
     Dated: September 16, 2021        **LAVI & EBRAHIMIAN, LLP**
14                                    **OTKUPMAN LAW FIRM, A LAW CORPORATION**

15

16                               By:_____
17                               Joseph Lavi, Esq.
                                 Vincent C. Granberry, Esq.
18                               Anwar D. Burton, Esq.
                                 Roman Otkupman, Esq.
19                               Attorneys for Plaintiff ADRIAN YEPEZ,
                                 on behalf of himself and others similarly situated
20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman, Esq. Bar No. 249423<br>Otkupman Law Firm, ALC<br>5743 Corsa Ave., Suite 123<br>Westlake Village, CA 91362<br>TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310<br>ATTORNEY FOR *(Name):* Plaintiff Adrian Yepez | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    9/16/2021<br>By    **/s/ Anthony Berini**<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center, Room A
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME:
Adrian Yepez v. Tastes On The Fly San Francisco, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21-CIV-05010 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify):* Seven (7)

5. This case ☐ is ☑ is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 16, 2021

Roman Otkupman
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF SAN MATEO COUNTY**<br>Civil Division<br>400 County Center, 1st Floor, Room A Redwood City, CA 94063<br>(650) 261-5100<br>www.sanmateocourt.org | FOR COURT USE ONLY<br># FILED<br>SAN MATEO COUNTY<br>9/16/2021<br>**Clerk of the Superior Court**<br>/s/ Anthony Berini<br>DEPUTY CLERK |
| PETITIONER/PLAINTIFF: **ADRIAN YEPEZ, ON BEHALF OF HIMSELF AND OTHER SIMILIARRLY SITUATED** | |
| RESPONDENT/DEFENDANT: **TASTES ON THE FLY SAN FRANCISCO, LLC; DOES 1 TO 100, INCLUSIVE** | |
| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21-CIV-05010 |

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Danny Y. Chou in Department 22.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**
**DATE: 1/18/2022**
**TIME: 10:00 AM**
**LOCATION: 1050 Mission Road, South San Francisco, CA 94080**

APPEARANCES SHALL BE REMOTE ONLY. Please visit our website at for information on remote appearances: https://www.sanmateocourt.org/general_info/remote_appearance.php

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference. The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)). Failure to do so may result in monetary sanctions or the continuance of the CMC.

d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

---

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court or ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 9/16/2021

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Anthony Berini

Anthony Berini, Deputy Clerk

Notice being served on:

ROMAN OTKUPMAN
OTKUPMAN LAW FIRM
5743 CORSA AVE SUITE 123
WESTLAKE VILLAGE CA  91362

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within entitled action. My business address is 425 California Street, Suite 2100, San Francisco, CA 94104.

On October 8, 2021, I served a copy of the attached:

1. **DEFENDANT TASTES OPN THE FLY SLO, LLC, OF REMOVAL OF ACTION UNDER 28 U.S.C. § § 1331, 1441(a) (FEDERAL QUESTION)**

on the interested parties in said action, by delivering a true copy addressed as follows:

| | |
|---|---|
| Roman Oktupman<br>Otkupman Law Firm, ALC<br>28632 Roadside Dr., Suite 203<br>Agoura Hills, CA 91301<br>roman@ofla.com | Joseph Lavi<br>8889 Olympic Blvd., Suite 200<br>Beverly Hills, CA<br>90211<br>jlavi@lelawfirm.com |
| Vincent C. Granberry<br>8889 Olympic Blvd., Suite 200<br>Beverly Hills, CA<br>90211<br>vgranberry@lelawfirm.com | Kevin Joseph Farnan<br>8889 Olympic Blvd., Suite 200<br>Beverly Hills, CA<br>90211<br>kfarnan@lelawfirm.com |

_____    (BY OVERNIGHT COURIER)  I caused each envelope to be sent via Federal Express.

_X_____    (BY MAIL)  I placed a true and correct copy thereof in a sealed envelope with First Class postage thereon fully prepaid to the address(es) above, and deposited same in the United States Mail at San Francisco, California.

_____    (BY PERSONAL DELIVERY)  I personally delivered a true and correct copy thereof by handing a sealed envelope, addressed to the person(s) at the address(s) set forth above, by leaving the envelope, which was clearly labeled to identify the attorneys being served, with the receptionist or other person apparently in charge at the addresses set forth above.

_____     (BY TELECOPIER)  I personally transmitted by facsimile electronic transmission each document to the following number(s):

____X_____    (BY ELECTRONIC TRANSMISSION)  I personally transmitted by electronic transmission to the electronic service address at or through which a party or other person has authorized electronic service.

_____

_____    (BY CERTIFIED MAIL)  I placed a true and correct copy thereof in a sealed envelope with First Class postage thereon fully prepaid by certified mail, requiring return receipt, to the address(es) above, and deposited same in the United States Mail at San Francisco, California.

Executed on October 8, 2021 at San Francisco, California.
I declare under penalty of perjury that the foregoing is true and correct.

_____
                                                              Gwen Wagner